IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMILIANO AGUAS, | * | |
| Petitioner, | * | |
| v | * | Civil No. WDQ-12-1442 |
| | | Criminal No. WDQ-09-0288 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |
| | *** | |

MEMORANDUM OPINION

Pending is Petitioner Emiliano Aguas's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. No hearing is required. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion will be dismissed as time barred.

On March 12, 2010, Aguas pled guilty to conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d). ECF No. 651. Also on March 12, 2010, Aguas was sentenced to 288 months imprisonment. ECF No. 652. Aguas did not appeal.[1]

On May 14, 2012, Aguas filed the motion to vacate. ECF No. 1117. On May 22, 2012, the Court ordered the United States Attorney to file a limited response addressing the timeliness of the motion. ECF No. 1122. On August 6, 2012, the Government opposed the motion as untimely. ECF No. 1141. On October 25, 2012, the Court gave Aguas 28 days to establish that he was entitled to the benefit of the exceptions to the statute of limitations in § 2255 or equitable tolling. ECF No. 1166. Aguas has not responded. *See* docket.

---

[1] Accordingly, Aguas's conviction became final on March 26, 2010, when the time to file an appeal expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003).

Section 2255 contains a one-year limitations period.[2] 28 U.S.C. § 2255(f). Here, Aguas's conviction became final when the opportunity to appeal the district court's judgment expired. *See Clay*, 537 U.S. at 528. This means that Aguas's limitations period under § 2255 began to run on March 27, 2010, and expired one year later. *See* Fed. R. App. P. 4. When Aguas filed the Petition on May 14, 2012, the one-year limitations period had already expired.

To be entitled to equitable tolling, the Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his motion to vacate, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* Petitioner fails to establish factors warranting equitable tolling of the statute of limitations. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law even for *pro se* litigant is insufficient). Having concluded that the motion to vacate was filed beyond the statute of limitations, the Court will dismiss the motion as untimely.

Under Rule 12 of the *Rules Governing § 2255 Proceedings*, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of

---

[2] The period runs from the latest of
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Aguas has not satisfied this standard, and this Court declines to issue a COA. A separate order follows.

\_\_1/11/13_____
Date

_____
William D. Quarles, Jr.
United States District Judge