IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL NO. JKB-09-0288** |
| **EMILIANO AGUAS,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Now pending before the Court is Defendant Emiliano Aguas's Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (Mot. Reduce Sentence, ECF No. 1852.) The Government opposes the motion. (Opp'n Mem., ECF No. 1896.) The matter is fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will grant Aguas's motion in part and reduce his sentence to 210 months' imprisonment.

On March 12, 2010, Aguas was sentenced to 288 months pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (ECF No. 663.) In 2017, following Amendment 782 to the United States Sentencing Guidelines, which reduced by two levels the offense levels assigned to certain drug quantities under U.S.S.G. § 2D1.1, Defendant moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 1631.) The Government opposed the reduction, claiming that his "C" plea was not based on the Sentencing Guidelines, and consequently, pursuant to *Freeman v. United States*, 131 S. Ct. 2685 (2011), he was ineligible for relief. (ECF No. 1636.) The Court agreed with the Government and denied Aguas's motion. (ECF Nos. 1637, 1678.)

1

The Supreme Court subsequently decided *Hughes v. United States*, 138 S. Ct. 1765 (2018). *Hughes* "significantly expanded the circumstances in which a defendant sentenced pursuant to a ["C"] plea agreement may be entitled to a sentence reduction." *United States v. Taylor*, 741 F. App'x 161, 162 (4th Cir. 2018). In light of *Hughes*, Aguas filed the instant motion, which again requests a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782. (Mot. Reduce Sentence.)

The Government does not dispute that Aguas is eligible for a reduction post-*Hughes*. (Opp'n Mem. at 1.) Instead, the Government argues that the Court should deny Aguas's motion because it is a successive petition. (*Id.* at 3.) According to the Government, the Court lacks jurisdiction to entertain successive petitions based on the same guideline amendment. (*Id.* at 4 (citing *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010).) This Court, along with others in this district, has addressed this issue before and ruled in the defendant's favor. *See, e.g.*, *United States v. Eric Brown*, Crim. No. JKB-09-0183 (ECF No. 749); *United States v. Jerrod Fenwick*, Crim No. ELH-08-0086 (ECF No. 1626). Although this is Aguas's second § 3582(c)(2) motion based in Amendment 782, it is his first post-*Hughes* § 3582(c)(2) motion. As this Court has explained previously, the Court has jurisdiction to consider a motion filed in these circumstances.

Having concluded Aguas is not barred from seeking relief, the Court now considers whether a sentence reduction is appropriate. Aguas contends that post-Amendment 782, the applicable guidelines range is 168–210 months. (Mot. Reduce Sentence at 4.) The Government does not dispute this calculation. Aguas initially requested that his sentence be reduced to the middle of that range—188 months—but after the COVID-19 pandemic set it, Aguas requested that his sentence be reduced to 168 months, a sentence at the bottom of the range. (Mot. Reduce

2

Sentence at 1; Reply at 3, ECF No. 1909.) Aguas contends a sentence at the bottom of the range is appropriate because the COVID-19 pandemic has resulted in harsher conditions of confinement, particularly for individuals like Aguas who are uniquely vulnerable to COVID-19 because of their health conditions. (Reply at 3.)

In considering whether a sentence reduction is appropriate the Court considers the relevant factors under 18 U.S.C. § 3553(a). First, considering the "history and characteristics" of the defendant, the parties agreed at his original sentencing that Aguas did not have a significant criminal history and was in criminal history category I. As for the "nature and circumstances" of the offense, Aguas was a member of the PDL gang, which trafficked firearms and large quantities of drugs, and engaged in violent conduct. (Plea agreement ¶ 6, ECF No. 661.) Aguas had a leadership role and "had others sell heroin and crack cocaine in the organization" and he personally "participated in gang sanctions and other violence against PDL members for perceived disobedience." (*Id.*) Aguas possessed a firearm. (*Id.*) Considering the "seriousness of the offense," the Court finds the offense was unquestionably serious by virtue of the drug trafficking activity and violent conduct described in the plea agreement.

As for the need for "adequate deterrence," a substantial term of incarceration is warranted to dissuade Aguas and others from this sort of serious misconduct in the future. The Court also finds that the need to "protect the public" is a significant factor in this sentence because of the serious misconduct described above.

Regarding the "need to avoid unwarranted sentencing disparities" among defendants with similar records and culpability, the Court has carefully considered the penalties imposed on others with similar records in similar and dissimilar cases. This includes Aguas's co-defendants, several of whom have received sentence reductions under Amendment 782.

As for Aguas's post-sentencing conduct, Aguas had several infractions related to fighting during the early period of his incarceration. Since then, Aguas's conduct has improved and he has been transferred to a low security institution. Aguas has also obtained his GED and has received positive reviews from the supervisors at his prison job. (ECF Nos. 1852-3, 1852-5.) "Training and treatment" are not significant factors in this sentencing decision.

Taking under advisement the Federal Sentencing Guidelines, the Court has concluded that the relevant guidelines range in this case is 168–210 months. Application of all relevant considerations—including the § 3553(a) factors as referenced above, Aguas's arguments regarding COVID-19, and the policy behind Amendment 782—causes the Court to conclude that a sentence reduction is warranted and the sentence that is sufficient but not more than necessary is 210 months of incarceration, to be followed by five years on supervised release. All other terms of the sentence imposed not altered by this memorandum remain in full force and effect and will be reflected in the amended judgment and commitment order. This is the sentence the Court deems appropriate regardless of the exact computation of the guidelines at this late stage. To be clear, even if the guidelines were computed differently in this case, the sentence would nonetheless be 210 months.

For the reasons set forth above, the Court GRANTS Aguas's motion for a reduced sentence (ECF No. 1852) to the extent described above.

DATED this 8th day of September, 2020.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge